IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GERALD D. MCALVEY<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ATLAS COPCO COMPRESSORS, L.L.C., et al.,<br><br>　　　　Defendants. | Case No. 14-cv-064-SMY-PMF |

**MEMORANDUM AND ORDER**

This matter comes before the Court on (1) defendant John Crane, Inc.'s Motion to Dismiss Counts IV & V of Plaintff's Second Amended Complaint or in the Alternative Motion for More Definite Statement (Doc. 229); (2) defendants Beorgia-Pacific, LLC. And Ingersoll-Rand Company's Motion to Dismiss Counts IV & V of Plaintiff's Second Amended Complaint (Doc. 238); and defendants Air & Liquid Systems Corporation and Warren Pumps, L.L.C.'s Motion to Dismiss Counts IV & V of Plaintiff's Second Amended Complaint (Doc. 240).

The plaintiff filed his initial complaint in the Third Judicial Circuit, Madison County, Illinois. (Doc. 2-Exhibit 2). The plaintiff alleges that the defendants, including John Crane, caused or contributed to an asbestos injury and that they willfully and wantonly (Count V) and/or negligently (Count IV) spoiled evidence. (Doc. 2-Exhibit 2). Several defendants filed motions motions to dismiss plaintiff's spoliation claims Counts IV and V, (Docs. 21, 34, 35, 41, 65, 96, 101, 175, 185). The motions to dismiss Counts IV and V were granted without prejudice with the Court noting that, "[i]f the Plaintiff can develop evidence in the course of discovery that defendants could anticipate lawsuits and that they should have preserved evidence, it may be appropriate to file a motion for leave to amend in order to reinstate the claim." (Doc. 196).

Regarding Count V, the Court concluded that Illinois does not recognize the claim for willful and wanton spoliation.

The plaintiff filed his amended complaint and again alleged the same spoliation allegations as to the defendants. (Counts IV and V of Plaintiff's Second Amended Complaint Doc 207 and 224). The wording of both Counts IV and V in the second amended complaint does not raise any additional information that alters the Court's original determination regarding these counts.

There are now three pending motions to dismiss regarding counts IV and V. (Docs. 229, 238, 240). The plaintiff's response to the motions were due July 28, 2014, August 4, 2014, and August 7, 2014, respectively. The plaintiff failed to file a response to any of the three motions. The Court issued an Order to Show Cause why a response to these motions was not filed by October 20, 2014. The plaintiff failed to file a response.

Courts are reluctant to dismiss a case on technical grounds and prefer to decide cases on their merits. *Foman v. Davis*, 371 U.S. 178, 181 (1962). All of the well-pleaded factual allegations contained in the amended complaint must be taken as true and construed in a light most favorable to the plaintiff. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249 (1989). Dismissal for failure to state a claim is properly granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957).

This suit is in federal rather than state court, and Rule 8 does not require plaintiffs to plead the "elements" of legal theories, or facts corresponding to each element. See *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510-11 (2002); *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1077–78 (7th Cir.1992). Therefore, when federal courts entertain claims under state law, it is not

necessary to plead facts matching elements of legal theories. See *Hefferman v. Bass*, 467 F.3d 596, 599 (7th Cir.2006); *AXA Corporate Solutions v. Underwriters Reinsurance Corp.*, 347 F.3d 272, 277 (7th Cir.2003).

Although the complaint might not contain all of the facts that would be necessary to prove a claim, "a filing under Rule 8 is not supposed to do that." *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir.2003). Instead, the complaint "should be 'short and plain' and suffices if it notifies the defendant of the principal events." *Id.* (quoting Fed.R.Civ.P. 8(a)(2)). Here, the plaintiff's allegations in counts IV and V have not sufficiently described the events giving rise to the claims and "attached them to a right of action cognizable under state law." *Christensen v. Cnty. of Boone*, *IL*, 483 F.3d 454, 466 (7th Cir. 2007).

In the case at bar, the plaintiff has not altered the language of the complaint regarding Counts IV and V. Furthermore, no response was filed to the defendants' motions to dismiss Counts IV and V. The Court, therefore adopts the ruling in the previous order and grants the defendants' motions to dismiss Counts IV and V.  (Doc. 196).

For the foregoing reasons, the Court **GRANTS** the defendants' Motions to Dismiss Counts IV and V.  (Docs. 229, 238, 240).

**IT IS SO ORDERED.**

**DATED: October 31, 2014**

      _/s/_ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**