IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GERALD D. MCALVEY,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ATLAS COPCO COMPRESSORS, L.L.C., et al.,<br><br>　　　　Defendants. | Case No. 14-cv-064-SMY-PMF |

**MEMORANDUM AND ORDER**

　　This matter comes before the Court on defendant Honeywell International, Inc.'s Motion to Dismiss for Lack of Jurisdiction or in the Alternative, Motion for Summary Judgment (Doc. 322). Plaintiff's Motion for Extension of Time to File Response as to this Motion (Doc. 362) is GRANTED and the response (Doc. 374) is deemed timely filed. For the following reasons, the Court GRANTS the motion to dismiss.

　　Plaintiff alleges he was exposed to and inhaled, ingested or otherwise absorbed large amounts of asbestos fibers from products manufactured, sold, distributed, or installed by Defendant Honeywell International, Inc. Honeywell filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) arguing this Court does not have personal jurisdiction.

　　Plaintiff argues that this Court has jurisdiction over Honeywell because of its "substantial, continuous, and systematic contacts" with Illinois. In support, Plaintiff alleges that Honeywell has a plant located in Metropolis, Illinois and does substantial business in Illinois.

　　Here, because no material facts are in dispute, the Court may rule on Defendant's motion absent an evidentiary hearing. *See Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 712-13 (7th Cir.

2002). Where a court rules on a Rule 12(b)(2) motion on paper, the plaintiff "need only make out a *prima facie* case of personal jurisdiction." *Id*. at 713.

In diversity cases, a district court has personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). Illinois' long-arm statute allows the exercise of jurisdiction to the full extent permitted under the Due Process Clause. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). Accordingly, a district court sitting in Illinois must inquire whether the "defendant has certain minimum contact with [the State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853 (2011)). Personal jurisdiction may be either specific or general. *Daimler AG*, 134 S. Ct. at 701-03.

Specific jurisdiction arises where an out-of-state "defendant has 'purposefully directed' his activities at residents of the forum, *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984), and the litigation results from alleged injuries that 'arise out of or relate to those activities' *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985). Here, Plaintiff asserts that Decedent's alleged injuries do not arise out of or relate to Honeywell's contacts with Illinois. As such, this Court lacks specific personal jurisdiction over the claims against Honeywell.

General jurisdiction arises over a foreign corporation "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear*, 131 S. Ct. at 2851. With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction." *Daimler AG*, 134 S. Ct. at 760 (quoting Brilmayer *et al*, A General Look at General Jurisdiction, 66 Texas L.

Rev. 721, 735 (1988)). A foreign corporation, however, may be "at home in the forum State" where its "continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit." *International Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945)); *see also Perkins v. Benguiet Consol. Mining Co.*, 342 U.S. 437 (1952) (general jurisdiction appropriate in Ohio over Philippine corporation where the company's affairs were overseen in Ohio during the war).

In this case, Plaintiff does not contend that Honeywell is incorporated or maintains its principal place of business in Illinois. Further, Plaintiff has alleged insufficient facts to establish that Honeywell's affiliation with Illinois is "so continuous and systematic as to render" Honeywell at home in Illinois. Honeywell undoubtedly has contacts in Illinois. However, the Supreme Court has made it clear that the mere presence of a defendant in the forum does not subject it to all-purpose jurisdiction in that forum. *See Daimler AG*, 134 S. Ct. at 752, 762 (finding no general jurisdiction over a foreign corporation where subsidiary, whose actions were assumed attributable to the corporation, had multiple facilities and a regional office in the forum state).

For the foregoing reasons, the Court **GRANTS** Honeywell's Motion to Dismiss for Lack of Jurisdiction or in the Alternative, Motion for Summary Judgment (Doc. 322) and **DISMISSES** Plaintiff's claims against Honeywell International, Inc. without prejudice.

**IT IS SO ORDERED.**

**DATED:** July 1, 2015

s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**
