IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GERALD D. MCALVEY,<br><br>       Plaintiffs,<br><br>  vs.<br><br>ATLAS COPCO COMPRESSORS, L.L.C..,<br>ET AL.,<br><br>       Defendants. | Case No. 14-cv-00064-SMY-SCW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Owens-Illinois, Inc.'s Motion for Summary Judgment (Doc. 328). Plaintiff's Motions for Extension of Time to File Response (Docs. 362 and 375) are **GRANTED**, and his response (Doc. 393) is deemed timely filed. For the following reasons, the motion is **DENIED**.

In this case, Plaintiff claims he was exposed to asbestos from Defendant's products during his employment with the United States Navy and that said exposure resulted in his current asbestosis diagnosis. Defendant filed its Motion for Summary Judgment arguing that Plaintiff fails to offer evidence that Defendant manufactured or distributed asbestos-containing components attached to or within pumps used at Plaintiff's work sites. Defendant further states that Plaintiff has not provided evidence to meet the "frequency, regularity, and proximity test" outlined in *Thacker v. UNR Industries, Inc.*, 603 N.E.2d 449 (1992).

Plaintiff served in the U.S. Navy from July 1954 to October 1958. (Doc. 393, Ex. A). Plaintiff served on the USS Bremerton from November 8, 1954 to February 1956. (Doc. 393, Ex. A). He served on the USS Franklin D. Roosevelt from February 14, 1956 until July 1957. (Doc. 393, Ex. A). The last ship he served on was the USS Intrepid, which he boarded on June 25,

1957 and left on May 5, 1958. Id. at 25, 29. Aboard the Bremerton, Plaintiff only worked in the boiler rooms. (Doc. 393, Ex. B). When Plaintiff boarded the Roosevelt in February of 1956, he worked on the auxiliary equipment, specifically the air compressors and the fire and flushing pumps. (Doc. 393, Ex. B).

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 393, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396. In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e)(2); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996). In the instant case, Defendant argues that Plaintiff has produced insufficient evidence to support his allegation of exposure to asbestos fibers from its products with the regularity, frequency, and proximity required to be a substantial factor to his injury.

Plaintiffs in asbestos cases may have to rely on circumstantial evidence, especially given the long latency periods for diseases like mesothelioma. See, e.g., *Cabasug v. Crane Co.*, 989 F. Supp. 2d 1027, 1033 (D. Haw. 2013). Under both Illinois and maritime law, the plaintiff may present direct evidence that coworkers saw the plaintiff working with or around the defendant's asbestos products, or the plaintiff may produce circumstantial evidence that the plaintiff worked

in proximity to someone who remembers using the defendant's product. See *Tragarz v. Keene Corp.*, 980 F.2d 411, 418 (7th Cir. 1992). Furthermore, evidence that the defendant's products were prevalent on the vessel, combined with evidence of the plaintiff's duties placing him in close proximity to the product qualify as sufficient circumstantial evidence of exposure. See *Cabasug v. Crane Co.*, 989 F. Supp. 2d 1027, 1038 (D. Haw. 2013).

In this case, there is sufficient circumstantial evidence of such exposure to avoid summary judgment. Other witnesses present on the ships at or around the same time Plaintiff was on the ships have testified that Owens-Illinois insulation contained asbestos and was used in work on machinery and equipment, specifically that on the Roosevelt. (Doc. 393, Ex. E & F). Plaintiff worked with such insulation aboard both the Bremerton and the Roosevelt. (Doc. 393, Ex. B). The process produced dust, and Plaintiff breathed in the dust. (Doc. 393, Ex. B). Not only did Plaintiff work with the packing directly, he was also around others working with the insulation. (Doc. 393, Ex. B). Additionally, Plaintiff's experts provide opinions supporting the assertion that exposure to asbestos dust was a substantial factor in the development of Plaintiff's injury. Based on this evidence, a fair-minded jury could indeed return a verdict in favor of the Plaintiff. Plaintiff's claim does not fail simply because there is no direct evidence specifically identifying the maker of the replacement parts that Plaintiff worked with over forty years ago. See *Quirin v. Lorillard Tobacco Co.*, 2014 WL 585090 (N.D. Ill. Feb. 14, 2014).

Accordingly, Defendant Owens-Illinois, Inc.'s Motion for Summary Judgment (Doc. 328) is **DENIED**.

**IT IS SO ORDERED.**                                    _/s/ Staci M. Yandle
                                                        **STACI M. YANDLE**
**DATED: July 1, 2015**                                 **DISTRICT JUDGE**