IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GERALD D. MCALVEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-CV-64 –SMY-SCW |
| | ) |
| ATLAS COPCO COMPRESSORS, L.L.C., et al., | ) |
| | ) |
| | ) |
| Defendants. | |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

This matter comes before the Court on Defendants' Crane Co., Georgia-Pacific L.L.C., and Ingersoll Rand Company's Motion in Limine to Limit Trial Testimony of Plaintiff's Proferred Expert Jerome Spear[1] (Doc. 309) and Defendant Electrolux Home Products, Inc.'s Motion in Limine to Limit Trial Testimony of Plaintiff's Proffered Expert Witness Jerome Spear[2] (Doc. 321). Defendants state that Jerome Spear's testimony should be excluded because his report and testimony show that he relies on the "every exposure" theory which has been rejected by several courts under *Daubert*. Defendants further argue that Spear's opinions are based on unreliable scientific methodology and that his testimony will not assist the jury in evaluating liability. Plaintiff's Motion for Extension of Time to File Response to the motions (Doc. 362) is **GRANTED** and the responses are deemed timely filed. For the following reasons, Defendants' Motions are **DENIED**.

---

[1] This Motion was joined by CBS Corporation (Doc. 331), Honeywell International, Inc. (Doc. 345), Buffalo Pumps, Inc. and Imo Industries, Inc. (Doc. 346), and Owens-Illinois, Inc. (Doc. 347).
[2] This Motion was joined by Honeywell International, Inc. (Doc. 345), Buffalo Pumps, Inc. and Imo Industries, Inc. (Doc. 346), and Owens-Illinois, Inc. (Doc. 347).

Plaintiff retained Jerome Spear to provide an opinion and testimony that Plaintiff was exposed to asbestos above historical and occupational standards, increasing his risk to develop an asbestos-related disease. In his expert report, Spear concludes, "Mr. McAlvey's exposure to asbestos aboard the USS Bremerton, USS Roosevelt, and USS Intrepid while he served in the U.S. Navy from 1954 to 1958 more than likely exceeded, on a routine basis, historical and current occupational exposure standards for asbestos" (Doc. 368, Ex. A). He arrived at this conclusion after evaluating the historical asbestos exposure levels of pipefitters, who, like workers on Naval ships, were exposed to asbestos insulation, packing, and gaskets. (Doc. 368, Ex. A). Spear's conclusions are based on his review of Plaintiff's work history as summarized in his June 19, 2014, deposition, the Social Security Administration's Itemized Statement of Earnings for Plaintiff, Dr. Richard Felt's Medical Assessment Report, and his review of scientific literature pertaining to asbestos exposure (Doc. 368, Ex. A).

In his deposition, Spear testified that he did not know if Plaintiff's actual exposure to asbestos while serving in the Navy fell within any of the ranges or exceeded any regulated levels of asbestos exposure identified in the occupational studies he cited in his expert report (Doc. 309, Ex. B) nor did he perform exposure reconstruction for any of the products or materials Plaintiff may have been exposed to (Doc. 309, Ex. B). He further testified:

> Q: "[J]ust to summarize, your testimony here today and in your reports is that each and every time that these gentlemen or someone they worked with testified that they worked with or around asbestos-containing packing, gaskets, and/or insulation, that that created airborne asbestos dust greater than background levels . . ."
> A: That's correct. . . Any level above background would increase the risk of an asbestos-related illness"

(Doc. 309, Ex. B).

The Court first concludes that Mr. Spear's "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue," as required by Rule 702. The causes of mesothelioma are not readily understood by a lay person; the question of causation related to levels of asbestos exposure is a difficult one for which expert testimony is helpful for a trier of fact.

The Court also finds that Mr. Spear's opinion is the product of a reliable technique that has been generally accepted by the scientific community. He evaluated the historical asbestos exposure levels of pipefitters and reviewed Plaintiff's work history as summarized in his June 19, 2014 deposition, the Social Security Administration's Itemized Statement of Earnings for Plaintiff, Dr. Richard Felt's Medical Assessment Report, and scientific literature pertaining to asbestos exposure (Doc. 368, Ex. A). This is sufficient for him to provide testimony regarding the subject matter in his report and deposition.

Defendants point out that Mr. Spear cannot identify the dose of asbestos or particular manufacturer of asbestos-containing products to which Plaintiff was exposed. However, in cases of occupational or environmental exposure, "it is usually difficult, if not impossible, to quantify the amount of exposure." *Bombardiere v. Schlumberger Tech. Corp.*, 934 F.Supp.2d 843, (N.D.W.Va. 2013) (quoting FEDERAL JUDICIAL CENTER, REFERENCE MANUAL ON SCIENTIFIC EVIDENCE 187 (1994)). These issues are relevant to the credibility of the witness's testimony, not to the admissibility.

Defendants also argue that Mr. Spear's testimony is a variant of the argument, discredited in some jurisdictions, that "each and every exposure" to asbestos is a substantial factor causing asbestosis and that this testimony has been rejected by numerous federal and state courts as unscientific and unsubstantiated by evidence.

This court need not decide whether an expert may offer testimony that each and every exposure to asbestos is a significant cause of asbestosis because that is not the subject matter of Mr. Spear' opinions. Spear's opinions and testimony are limited to the frequency, regularity and proximity of Plaintiff's exposure to asbestos products in general and his conclusion that Plaintiff experienced a significant exposure to asbestos based on his work activities.

Finally, Defendants argue that Mr. Spear's testimony does not meet Illinois' standard to prove causation under the "substantial factor test." *See Thacker v. UNR Indus., Inc.*, 603 N.E.2d 449, 455 (Ill.1992). Again, the Court need not address this issue as Mr. Spear will not be offering opinions as to whether any one of Defendants' products was a substantial factor in causing Plaintiff's asbestosis (Doc. 366, p.2).

**IT IS SO ORDERED.**

**DATED: August 28, 2015**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**