IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GERALD D. MCALVEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-CV-64 –SMY-SCW |
| | ) |
| ATLAS COPCO COMPRESSORS, L.L.C., et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter comes before the Court on Defendant Ingersoll-Rand Company's Motion for Summary Judgment (Doc. 308). Plaintiff's Motion for Extension of Time to File Response to the Motion (Doc. 362) is **GRANTED** and the response (Doc. 389) is deemed timely filed. For the following reasons, Defendant's Motion for Summary Judgment is **DENIED**.

Plaintiff claims he was exposed to asbestos from Defendant's products during his employment with the United States Navy and that said exposure resulted in his current asbestosis diagnosis. Defendant argues that Plaintiff's claims are barred by Statute of Limitations. Defendant further argues that Plaintiff fails to offer evidence that it manufactured or distributed asbestos-containing components attached to or within pumps used at Plaintiff's work sites. Additionally, Defendant states that Plaintiff has not provided evidence to meet the "frequency, regularity, and proximity test" outlined in *Thacker v. UNR Industries, Inc.*, 603 N.E.2d 449 (1992). Defendant further argues that it had no duty to Plaintiff for third party products.

Plaintiff served in the U.S. Navy from July 1954 to October 1958 (Doc. 389, Ex. A). Plaintiff served on the USS Bremerton from November 8, 1954 to February 1956 (Doc. 389, Ex.

1

A).  He served on the USS Franklin D. Roosevelt from February 14, 1956 until July 1957 (Doc. 389, Ex. A).  The last ship he served on was the USS Intrepid, which he boarded on June 25, 1957 and left on May 5, 1958 (Doc. 389, Ex. A).  Aboard the Bremerton, Plaintiff only worked in the boiler rooms (Doc. 389, Ex. B).  When Plaintiff boarded the Roosevelt in February of 1956, he worked on the auxiliary equipment, specifically the air compressors and the fire and flushing pumps (Doc. 389, Ex. B).

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000).  The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.  In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists.  Fed. R. Civ. P. 56(e)(2); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996).

Plaintiff's claims are not barred by the Statute of Limitations under either Illinois Law or Maritime Law.  Where an injury occurs gradually, the discovery rule in Illinois provides that a cause of action accrues when a person knows or should have known, through reasonable investigation, of the injury and it wrongful causation.  *See Nolan v. Johns-Manville Asbestos*, 421 N.E.2d 864, 868 (Ill. 1981).  The question of whether the plaintiff "knew or reasonably should have known" is a question of fact.  *Id*. at 869.

In this case, Plaintiff was treated by Dr. Richard Felt, a respiratory therapist, since the 1970's (Doc. 389, Ex. B). While a notation under the heading of "past medical history" in a report by Dr. Felt dated July 3, 2002, states "history of pneumoconiosis, asbestosis," Plaintiff was not diagnosed with asbestosis at that time (Doc. 389, Exs. B, G). Plaintiff testified that he did not believe he had an asbestos related disease until March 2013, and he was not diagnosed with asbestosis until May 1, 2013 (Doc. 389, Exs. B, H). When viewing the evidence in the light most favorable to Plaintiff, a reasonable juror could find that Plaintiff did not know or should not have known about his injury until his diagnosis on May 1, 2013. *See Nolan v. Johns-Manville Asbestos*, 421 N.E.2d 864, 869 (Ill. 1981); *Martin v. A & M Insulation Co.*, 566 N.E.2d 375, 379 (Ill. App. Ct. 1990); *Salisbury v. Asbestos Corporation Ltd.*, 2014 WL 345214 (E.D. Pa. 2014) (applying maritime law to hold a question of material fact as to the statute of limitations issue existed in an asbestos injury claim). Given this claim was filed within two years of Plaintiff's diagnosis and there are issues of material fact regarding when Plaintiff knew or should have known of his injury, a grant of summary judgment on the issue of the statute of limitations is inappropriate.

Here, while Defendant argues that Plaintiff produced insufficient evidence to support his allegation of exposure to asbestos fibers from its products with the regularity, frequency, and proximity required to be a substantial factor to his injury, there is sufficient direct and circumstantial evidence of such exposure to avoid summary judgment. In his deposition, Plaintiff testified that Ingersoll-Rand was the manufacturer of pumps he worked with during his Naval service (Doc. 389, Ex. B). He recalled that the Ingersoll-Rand pumps needed maintenance frequently (Doc. 389, Ex. B). Plaintiff replaced packing on the Ingersoll-Rand pumps as needed, and the packing contained asbestos (Doc. 389, Ex. B). Plaintiff changed packing aboard both the

Bremerton and the Roosevelt (Doc. 389, Ex. B). The process of replacing the packing produced dust, and Plaintiff breathed in the dust (Doc. 389, Ex. B). Not only did Plaintiff work with the pumps directly, he was also around others working with the pumps, and witnesses have corroborated his testimony, stating that Ingersoll-Rand pumps and air compressors were aboard at least one ship that Plaintiff worked on (Doc. 389, Exs. B, D, E, and F). The manual provided by Ingersoll-Rand for the equipment specified that packing and gaskets be used on the machinery, and the specified materials included asbestos (Doc. 389, Exs. B, F). Additionally, Plaintiff's experts provide opinions supporting the assertion that exposure to asbestos dust was a substantial factor in the development of Plaintiff's injury. Based on this evidence, a fair-minded jury could indeed return a verdict in favor of the Plaintiff.

Regarding Defendant's argument that it had no duty to Plaintiff, it is true that a manufacturer has no liability for harm caused by, and no duty to warn about, the hazards associated with asbestos-containing products it did not manufacture or supply. *See Conner v. Alfa Laval, Inc*., 842 F. Supp. 2d 791, 801 (E.D. Pa. 2012). However, in a negligent failure-to-warn action, "a duty may attach where the defendant manufactured a product that, by necessity, contained asbestos components, where the asbestos-containing material was essential to the proper functioning of the defendant's product, and where the asbestos-containing material would necessarily be replaced by other asbestos-containing material, whether supplied by the original manufacturer or someone else." *Quirin v. Lorillard Tobacco Co*., No. 13 C 2633, 2014 WL 585090, *8 (N.D. Ill. Feb. 14, 2014).

Here, Plaintiff has produced sufficient evidence to withstand summary judgment on this issue. There is testimony identifying Defendant from its name on pumps seen by Plaintiff while employed by the Navy. The manual for the pumps indicated that asbestos containing materials

were used in conjunction with the pumps, and Plaintiff changed packing on the pumps and inhaled asbestos dust while doing so.

Accordingly, Defendant Ingersoll-Rand Company's Motion for Summary Judgment (Doc. 308) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  August 28, 2015**

> **s/ Staci M. Yandle**
> **STACI M. YANDLE**
> **United States District Judge**